UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PRINCE E. JONES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-cv-03117 (TNM) |
| DISTRICT OF COLUMBIA, *et al*., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Eight years ago, a jury convicted Prince Jones of multiple offenses. The D.C. Court of Appeals reversed his conviction because it found that police unconstitutionally tracked Jones using an electronic surveillance device without a warrant. Jones pled guilty to some of the same charges during retrial.

Now proceeding *pro se*, Jones sues a slew of government defendants: the District of Columbia, its Mayor, the Metropolitan Police Department, and various officers and detectives (District Defendants), plus the Assistant United States Attorney (Prosecutor) who prosecuted him. Jones broadly alleges that these individuals violated his constitutional rights, illegally trafficked him under the Trafficking Victim's Protection Act, fraudulently legislated the District's criminal code, and violated tort and contract law.

Before the Court are the District Defendants' combined Motion to Dismiss and the Prosecutor's Motion to Dismiss. The Court will grant both Motions and dismiss the case.

1

I.

A jury convicted Jones of armed sexual abuse, armed kidnapping, armed robbery, and threats. *See United States v. Jones*, No. 2013 CF1 018140 (D.C. Super. Ct. 2014). AUSA Jodi Lazarus prosecuted the case. Jones appealed his convictions, arguing that police violated his Fourth Amendment rights by using a "cell-site simulator" to track his location during their investigation. *Jones v. United States*, 168 A.3d 703, 708–10 (D.C. 2017). The D.C. Court of Appeals agreed and vacated Jones' convictions. *See id*. at 716–17, 725. On retrial, Jones pled guilty to kidnapping, robbery, and armed robbery. *See United States v. Jones*, No. 2013 CF1 018140 (D.C. Super. Ct. 2018), at June 13, 2018 Sup. Ct. Dkt. Entry.

Jones now sues the District Defendants and the Prosecutor. Jones alleges that all Defendants violated his constitutional rights when they surveilled him without a warrant and introduced illegally obtained evidence at his criminal trial. *See, e.g.*, Compl. at 11–14, ECF No. 1-1. Jones argues that Defendants violated his First, Fourth, Fifth, Eighth, Tenth, and Thirteenth Amendment rights. *See id.* at 11–14, 21–28, 30–38, 50–55; Supp. Mem. at 2–7. He also claims that they violated the Trafficking Victims Protection Act (TVPA), 22 U.S.C. § 7101 *et seq.*, by transporting him to federal prison outside Washington, D.C. *See* Compl. at 14, 27, 35, 37–38, 51. More, Jones asserts that the Prosecutor manipulated the grand jury panel when indicting him. *See id.* at 34; Supp. Mem. at 1, 5, 19–32. He also alleges that the police's warrantless surveillance breached a contract, intentionally inflicted emotional distress, deprived him of property, defamed him, and was negligent. *See* Compl. at 11–14, 25–26, 32, 35, 37, 40–42, 50, 54, 76; Supp. Mem. at 11–12, 16–17. Finally, he argues that the Mayor unlawfully legislated the criminal code. *See* Compl. at 13–14, 21, 28–30, 40, 55. For remedy, Jones seeks $3.6 billion in

damages, expungement of his criminal records, a prison transfer, and an injunction preventing the Mayor from enforcing the criminal code.

Both the Prosecutor's and District Defendants' Motions to Dismiss are ripe for adjudication.[1]

## II.

A complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2018). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

At the motion to dismiss stage, the Court treats the complaint's factual allegations as true and grants the plaintiff the benefit of inferences drawn from the facts alleged. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). But a Court need not accept inferences unsupported by facts alleged in the complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Because Jones is *pro se*, the Court "liberally construe[s]" his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). He is not, however, relieved of his obligation to comply with the Federal Rules of Civil Procedure. *See Raven v. Sajet*, 334 F. Supp. 3d 22, 28 (D.D.C. 2018).

---

[1] Also pending is Jones' Motion to Take Judicial Notice. *See* ECF No. 22. The Motion purports to "giv[e] judicial notice of the constitutional claims against Defendants." Mot. to Take Judicial Notice at 1. After considering the Motion, the Court denies it. Jones' Motion lists "facts" in support his arguments, many of which Defendants oppose. *See* DC Defs.' Opp'n to Pl.'s Mot. for Judicial Notice, ECF No. 25. Because Jones's Motion lacks "fact[s] not subject to reasonable dispute," Fed. R. Evid. 201(b), the Court declines to take judicial notice of them.

3

Rule 8(a) requires a Complaint to contain short and plain statements of "the grounds for the court's jurisdiction" and "the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Iqbal*, 556 U.S. at 678–79. And Rule 8(d) requires that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d). Rule 8's standards ensure that defendants receive fair notice of the claims against them so they can prepare defenses. *See Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(1), this Court presumes it lacks jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jones must establish jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). When reviewing a 12(b)(1) motion, the Court may consider documents outside the pleadings to confirm it has jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Doing so does not convert the 12(b)(1) motion into one for summary judgment. *See id.* at 905. The Court may therefore take judicial notice of court records in other cases. *See* Fed. R. Evid. 201(b); *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017).

A case may be dismissed if a defendant is immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Because immunity is "jurisdictional in nature," a court cannot enter judgment against an immune defendant. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Prosecutors enjoy absolute immunity for prosecutorial activities "intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (quoting *Imbler*, 424 U.S. at 430). And the United States "may not be sued without its consent" because of sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress must waive sovereign immunity in an "unequivocal and unambiguous manner" before a plaintiff may

sue the United States. *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006).

Preclusion is yet another basis for dismissal. Claim preclusion exists if another court already issued a final judgment on the merits involving the same parties and the same claims. *See Nevada v. United States*, 463 U.S. 110, 129–30 (1983). Two cases involve the same claims if they share a common "nucleus of facts." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). The Court looks to whether the facts are "related in time, space, origin, or motivation" and "whether they form a convenient trial unit" in analyzing whether two cases involve the same claims. *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997). If two such cases exist, the parties may not "relitigate[e] issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

A party cannot evade claim preclusion by raising a different legal theory or seeking a different remedy available to him in the prior action. Claim preclusion "is designed to conserve judicial resources, avoid inconsistent results, [and] engender respect for judgments of predictable and certain effect." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

**III.**

The Court may dismiss a pending suit when factually related litigation is ongoing in another forum. *See Handy v. Shaw, Bradford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003). "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980). Indeed, another Judge dismissed a similar Complaint to the one Jones filed here because he had a parallel case that was—and still is— pending on appeal. *See Jones v. District of Columbia*, No. 1:21-cv-01696, 2021 WL 5564631

(D.D.C. 2021); *see also* Order, *Jones v. Bowser*, No. 20-cv-02797 (D.D.C. Oct. 30, 2020), *appeal docketed* No. 21-7011 (D.C. Cir. Feb. 3, 2021).

But the Prosecutor and District Defendants have fully briefed their Motions to Dismiss. And Jones is a frequent filer in this Court—against the same defendants, under the same theories. *See, e.g., id.* (collecting cases). So the Court disposes of his suit on the merits to prevent vexatious litigation about issues already decided. *Cf. Butz v. Economou*, 438 U.S. 478, 507–08 (1978) ("[F]irm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits.").[2]

### A.

The Prosecutor moves to dismiss Jones' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1), failure to state a claim under Rule 12(b)(6), and insufficient service of process under Rule 12(b)(5).[3] *See* Fed. Def.'s Mot. to Dismiss (Prosecutor MTD) at 1, 7–10, ECF No. 5-1. Jones argues that the Prosecutor maliciously prosecuted him in violation of his Fifth Amendment right to due process. Compl. at 34. He also argues that the Prosecutor manipulated the grand jury which found him guilty, intentionally inflicted emotional distress, and defamed him. *See id.* Many of these allegations against the Prosecutor are barred by various immunity doctrines. The others fail to state a claim upon which relief may be granted.

---

[2] The Court also notes that Jones' Complaint disregards Federal Rule of Civil Procedure 8(a). Jones invokes a litany of federal and state authority while failing to supply supporting facts. More, he does not describe the specific wrongdoing of each named Defendant. A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017). The Complaint falls within this category and may be dismissed in full on this deficiency alone. *See id.* at 411.

[3] Because the Court dismisses this matter on other grounds, it need not address the service of process arguments.

*First*, the Prosecutor is immune from Jones' claims when they relate to her use of unconstitutionally obtained evidence during his criminal prosecution.[4]  The Prosecutor's use of evidence to convict Jones falls within "prosecutorial activities intimately associated with the judicial phase of the criminal process."  *Gray*, 712 F.2d at 499.  Indeed, absolute immunity shields even a prosecutor who suppresses or manipulates evidence before a grand jury or trial court.  *See, e.g.*, *Moore v. Valder*, 65 F.3d 189, 194 (D.C. Cir. 1995).  To be sure, absolute immunity does not attach if the Prosecutor proceeded "in the clear absence of all jurisdiction."  *See Gray*, 712 F.2d at 499.  But Jones' contention that the Prosecutor exceeded her jurisdiction in empaneling the grand jury that indicted him is baseless.  Jones grounds this argument in the striking claim that he is somehow immune from the enforcement of the District's laws.  *See* Supp. Mem. at 29–30, Opp'n I at 4–7.  He is not.  Jones' claims against the Prosecutor must be dismissed because she enjoys absolute prosecutorial immunity.

*Second*, when Jones sues the Prosecutor under the Fifth Amendment and other constitutional provisions, the Court construes these as *Bivens* claims.  Constitutional claims for damages against federal officials are cognizable only under *Bivens*.  *See Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016).  Though Jones makes only a passing reference to the Prosecutor in her individual capacity, *see* Compl. at 40, the Court infers that he does not intend

---

[4] The Prosecutor does not raise prosecutorial immunity in her briefing, though she does in Jones' parallel case pending on appeal at the D.C. Circuit.  *See* Fed. Appellee Br. at 14–15, *Jones v. District of Columbia*, No. 21-7011 (D.C. Cir. filed Dec. 8, 2021).  But as explained, the Court lacks jurisdiction to render judgment against an immune defendant.  *See FDIC*, 510 U.S. at 475; *Imbler*, 424 U.S. at 419 n.13 ("[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity."); *see also Jones*, 2021 WL 5564631 at *1 n.1 (finding this same Prosecutor immune from suit in another one of Jones' actions).

7

an official-capacity suit.[5]  Jones claims that the Prosecutor maliciously prosecuted him, flouted the Federal Rules of Criminal Procedure, and manipulated the grand jury that indicted him—all in violation of his Fifth Amendment Due Process rights.  *See* Compl. at 34.  The Court approaches *Bivens* claims by first asking whether the case presents "a new *Bivens* context"—one that is "meaningfully different from the three cases in which the Court has implied a damages action." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (cleaned up).  A "new context" may be one that involves a "new category of defendants." *Id.* at 1803.  Second, the Court conducts a "special factors" analysis to assess whether the Judiciary "is at least arguably less equipped than Congress to weigh the costs and benefits" of permitting the action.  *Id.* (cleaned up); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857–58 (2017).

Jones claims that the Prosecutor violated his Fifth Amendment rights.  *See* Compl. at 34.  True, the Supreme Court recognized a *Bivens* cause of action for a Fifth Amendment sex-discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979).  But the Court has not expanded *Bivens* to any other Fifth Amendment contexts.  *See Egbert*, 142 S. Ct. at 1802; *see also id.* at 1803 (underscoring that recognizing a new *Bivens* context is a "disfavored judicial activity").  Allowing Jones' *Bivens* claim to proceed would present a new context because he sues a new type of defendant—a federal prosecutor.  *See id.* at 1803.  More, special factors counsel against recognizing a new *Bivens* context here.  Foremost among them are the separation of powers concerns that could arise from the federal judiciary policing exercises of prosecutorial discretion. *Cf. Ziglar*, 137 S. Ct. at 1848 (explaining that "separation-of-powers principles . . . should be central to the analysis" when a Court considers implying a new cause of action).  Thus, the Court

---

[5]  Suing the prosecutor in her official capacity would be fruitless because "[i]t is well established that *Bivens* remedies do not exist against officials sued in their official capacities." *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011).

declines to recognize a *Bivens* extension here.  *See Raven*, 334 F. Supp. 3d at 34 (noting that *Bivens* extensions are a "disfavored judicial activity").

*Third*, Jones fails to state a claim that the Prosecutor violated his rights under the Trafficking Victim's Protection Act (TVPA).  As far as the Court can tell, Jones' TVPA claim arises from his transportation to prison and subsequent incarceration.  *See, e.g.*, Compl. at 27.  The TVPA "combat[s] trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children."  Pub. L. No. 106-386, § 102(a), 114 Stat. 1464 (2000).  Thus, it does not affect these facts.  More, the Bureau of Prisons is responsible for Jones' trip to prison, not the Prosecutor.  *See* 18 U.S.C. § 3621(b).  Jones does not plausibly state a claim that the Prosecutor impermissibly "trafficked" him in any way.  Jones therefore fails to state a claim against the Prosecutor for violating the TVPA.

*Fourth*, Jones fails to state a claim for his common law tort and breach-of-contract claims against the Prosecutor.  Jones alleges—with no specific factual support—that the Prosecutor intentionally inflicted his emotional distress, falsely imprisoned him, defamed him, and breached a contract with him.  *See, e.g*, Compl. 29.  But mere "labels and conclusions" do not suffice under Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678.  Jones does not identify which contract—if any—he and the Prosecutor formed, let alone allege facts to support a breach.  And even if Jones had sufficiently pled his tort claims, "federal employees [enjoy] absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007).  So the United States is the sole possible defendant for such claims and must consent to suit.  *See id.* at 229–30; *Gray*, 712 F.2d at 506.  True, the

9

Federal Tort Claims Act (FTCA) waives sovereign immunity for some tort claims.[6]  *See* 28 U.S.C. § 1346(a)(2); *see also FDIC*, 510 U.S. at 478.  But the FTCA bars lawsuits alleging intentional torts.  *See* 28 U.S.C. § 2680(h); *Millbrook v. United States*, 569 U.S. 50, 52 (2013).  Jones' intentional tort and breach-of-contract claims against the Prosecutor must be dismissed.[7]

For these reasons, the Court will grant the Prosecutor's Motion to Dismiss.

**B.**

The District Defendants argue that most of Jones' claims must be dismissed because they are precluded.  *See* Defs.' Mot. to Dismiss (DC Mem.) at 1–5, 8–10, ECF No. 9-1; Defs.' Reply to Pl.'s Opp'n (DC Reply II) at 3–4, ECF No. 23.[8]  Recall that Jones sues the District, its Mayor, the Metropolitan Police Department (MPD), and various police officers for violating his First, Fourth, Fifth, Eighth, Tenth, and Thirteenth Amendment rights.  *See* Compl. at 11–14, 18–19, 21–28, 30–38, 50–51, 53–55, 62–75.  He also claims that these individuals violated the TVPA and that the police's use of electronic tracking violated contract and tort law.  *See id.* at 11–14, 21, 25–26, 32, 35, 37, 40–42, 50, 54, 76.

But Jones already sued the District, MPD, and its individual officers under these same theories in D.C. Superior Court—and lost.  *See Jones v. Dist. of Columbia, et al.*, No. 2020 CA 001027 B (D.C. Super. Ct., Feb. 10, 2021), at Sup. Ct. Dkt. at Complaint (DCSC Compl.), at 1,

---

[6] Though the Court could theoretically exercise supplemental jurisdiction over state-law tort claims against these defendants rather than rely on the FTCA, it declines to do so because it resolves all federal question claims in Defendants' favor.  *Accord Elshazli v. District of Columbia*, 415 F. Supp. 3d 20, 28-29 (D.D.C. 2019).

[7] The FTCA also requires Jones to exhaust administrative remedies in a timely, written manner.  He did not do so.  This is yet another reason why Jones' common law tort claims are barred.

[8] The Superior Court recently dismissed yet another of Jones' similar lawsuits on preclusion grounds.  *See Jones v. District of Columbia*, Case No. 2021 CA 003749 B, at *1 (D.C. Super. Ct. Feb. 9, 2022).

4–6, 9; DCSC Ord. at 19.[9]  Both that case and this one "share the same nucleus of facts," *see Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002): the police's electronic surveillance and Jones' subsequent prosecution.  Both suits name the District, MPD, and the same individual officers, satisfying the mutuality requirement.  *See id.* at 89.  And the Superior Court resolved Jones' constitutional, TVPA, and breach-of-contract claims on the merits.  *See* DCSC Ord. at 13–19.[10]  Claim preclusion therefore bars Jones from relitigating these claims—and any that he could have raised in Superior Court—here.  *See Apotex, Inc. v. FDA*, 393 F.3d 210, 217–18 (D.C. Cir. 2004).

Jones' common law tort claims fare similarly.  Neither his Complaint in Superior Court nor the one filed here define what torts District Defendants allegedly violated with appropriate specificity.  *Compare* Compl. at 11–14, 21, 25–6, 32, 35, 37, 40–2, 54, 76; Opp'n I at 3; Opp'n II at 3–7, *with* DCSC Compl. at 1, 7–12, 17–19.  So it is not entirely clear which torts Jones already raised and which are new.  Still, any new tort claims are also precluded.  This is so because Jones' tort claims in both cases arise from the same incident: the police's electronic surveillance of him and his subsequent prosecution.  Thus, Jones had to use these arguments in the Superior Court—or lose them.  *See Ashbourne v. Hansberry*, 894 F.3d 298, 304–05 (D.C. Cir. 2018).

---

[9] The Court references the Superior Court docket-generated page numbers in citing Plaintiff's DCSC Complaint.

[10] The Superior Court relied almost entirely on federal law in dismissing Jones' Complaint.  *See* DCSC Ord. at 13–19.  To the extent that the Superior Court relied on local law, the Court must consider the preclusion law of the state where it rendered judgment.  *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380–82 (1985).  And here there are "no material differences in the District of Columbia's law of res judicata and the federal common law of res judicata."  *Stanton*, 127 F.3d at 78 n.4.

To be sure, Jones names one new defendant in this suit: the Mayor in her official capacity.[11]  He contends that the Mayor unconstitutionally legislated the portion of the District's Criminal Code used to convict him.  *See id.* at 13–14, 21, 28–30, 40, 55.  The Court construes this as a 42 U.S.C. § 1983 claim.  *See DuBerry v. District of Columbia*, 824 F.3d 1046, 1051 (D.C. Cir. 2016).  But suing the Mayor is of no help to Jones because official-capacity claims against her are construed as claims against the District itself.  *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).  The Mayor is therefore identical to a defendant Jones already sued for purposes of a preclusion analysis.  Thus, claims against the Mayor arising out of the same factual incident (the warrantless surveillance and Jones' conviction) are precluded because the Superior Court dismissed Jones' claims against the District itself on the merits.  *See* DCSC Ord. at 13–19.[12]

## C.

The District Defendants contend that Jones' remaining claims fail to state a claim under Rule 12(b)(6).  DC Mem. at 10–13.  Jones alleges vague separation of powers violations and complains about prison conditions.  As best the Court can tell, Jones argues that Congress

---

[11] Jones includes one reference to suing the Mayor in her individual capacity, *see* Compl. at 40, but she cannot be liable under § 1983 unless she directly participated in the alleged wrongdoing of electronically surveilling him.  *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).  Jones pleads no plausible allegations sufficient to meet this standard.  And when Jones claims the Mayor failed to prevent "the wrongful acts of D.C. police officers," he also has not pled facts sufficient to state a claim for a constitutional violation arising from failure to supervise or train.  *See Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 192 (D.D.C. 2009); *see also Bundy v. Sessions*, 387 F. Supp. 3d 121, 128-30 (D.D.C. 2019) (dismissing § 1983 claims against agency directors who had no personal involvement in alleged misconduct), *aff'd*, 812 F. App'x 1 (D.C. Cir. 2020).

[12] The Court also agrees with District Defendants that Jones does not respond to their preclusion arguments.  *See* Reply in Support of Defs.' Mot. to Dismiss at 2, ECF No. 13.  Jones has thus forfeited these points.  *See CSX Transp., Inc. v. Com. Union Ins. Co.*, 82 F.3d 478, 239 (D.C. Cir. 1996).

impermissibly delegated legislative power to the District of Columbia through the Home Rule Act, *see* Pub. L. No. 93–198, 87 Stat. 774 (1973), and therefore the District cannot prosecute him under its laws. *See, e.g.*, Supp. Mem. at 20–22. He also argues that District officials fraudulently enacted criminal laws. *See, e.g.*, *id.* at 23. But these arguments are baseless. The Constitution grants Congress plenary legislative authority over the District. *See* U.S. Const. art. I, § 8. And Congress decided to give "legislative power" to the District over "all rightful subjects of legislation" consistent with the Constitution and the 10th Amendment. D.C. Code Ann. § 1-203.02. The District's criminal code is a "rightful subject" of legislation. And Jones pleads no facts to support the contention that District officials enacted the criminal code fraudulently. As a result, he fails to state a claim for relief.

Jones also piles on new laments about prison life—which he claims "extend[] from" District Defendants' impermissible legislation of the District's code—in this suit. *See, e.g.*, Compl. at 30–31, 40–44. But the District Defendants do not have control of the conditions of Jones' confinement; the Federal Bureau of Prisons does. *See* 18 U.S.C. § 4042(a). Even if Defendants had any say, complaints listing "inconveniences without any allegations of purposeful discrimination, malicious intent or denial of process seriously believed to be due" do not state an Eighth Amendment claim. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Jones alleges nothing of the sort. These claims must also be dismissed.

*       *       *

For Jones, past is prologue. Another court of competent jurisdiction dismissed his constitutional, TVPA, and contract claims already. And any new tort claims he raises here could—and should—have been raised in his prior action because they arise from the same

incident: the police's electronic monitoring of Jones and his subsequent prosecution. As for his remaining claims, Jones fails to plead facts sufficient to state a claim for relief.

For these reasons, the Court will grant the District Defendants' Motion to Dismiss.

## IV.

Therefore, the Prosecutor's Motion to Dismiss, ECF No. 5, and the District Defendants' Motion to Dismiss, ECF No. 9, will be granted. Jones' Motion to Take Judicial Notice will be denied. This case will be dismissed with prejudice because Jones' multiple attempts to sue under these theories have been fruitless. *See Bowser v. Smith*, 401 F. Supp. 3d 122, 123 (D.D.C. 2019) (confirming dismissal with prejudice after multiple unsuccessful amended complaints). A separate Order will issue.

Dated: July 22, 2022                                        TREVOR N. McFADDEN
                                                            United States District Judge